1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEXANDER SMITH, et al.,

Plaintiffs,

v.

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT,

Defendant.

Case No.  3:22-cv-07114-JSC

**DISMISSAL ORDER**

Re: Dkt. No. 20

Plaintiffs Alexander Smith and Kristine Elizalde Biales filed this action under the

Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., challenging a United States

Citizenship and Immigration Services ("USCIS") policy regarding processing of visa applications

and the denial of Plaintiff Biales I-360 Petition for Widower application. On July 19, 2023, the

Court adopted Chief Magistrate Judge Donna M. Ryu's report and recommendation to dismiss

Plaintiffs' Amended Complaint in part. (Dkt. No. 19.) The Court dismissed claims one through

four as to Plaintiff Smith and claims five through eleven as to both Plaintiff Smith and Plaintiff

Biales for failure to state a claim with leave to amend. Plaintiffs were given until August 11, 2023,

to file a second amended complaint or a statement indicating they only intended to proceed on

claims one through four as to Plaintiff Biales.

Plaintiffs did not respond to the Court's Order and the Court dismissed claims one through

four as to Plaintiff Smith and claims five through eleven as to both Plaintiff Smith and Plaintiff Biales

for the reasons stated in Judge Ryu's order. (Dkt. No. 20.)  Plaintiff Biales was ordered to file a

statement indicating she intended to prosecute this action by September 14, 2023.  She was warned

that failure to respond would result in the dismissal of the action as to the remaining claims for failure

to prosecute.  (Dkt. No. 20.)  Plaintiff Biales did not respond to the Court's Order.

United States District Court
Northern District of California

1    Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for

2   failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v.*

3   *U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may sua sponte

4   dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a

5   showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010)

6   (internal citation and quotation marks omitted) *overruled on other grounds by Langere v. Verizon*

7   *Wireless Servs., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020).  In determining whether a Rule 41(b)

8   dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in

9   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

10   prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and

11   (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th

12   Cir.1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at

13   least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399

14   (9th Cir. 1998) (internal citation and quotation marks omitted).

15   Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two

16   factors—the public interest in expeditious resolution of litigation and the Court's need to manage

17   its docket—relate to the "efficient administration of judicial business for the benefit of all litigants

18   with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279

19   (9th Cir. 1980).  By failing to respond to the Court's Orders Plaintiffs have delayed adjudication

20   of this action. Non-compliance with the Court's orders wastes "valuable time that [the Court]

21   could have devoted to other ... criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d

22   1258, 1261 (9th Cir. 1992).

23   As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial

24   itself to warrant dismissal," the delay caused by Plaintiffs' failure to prosecute this action despite

25   the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991

26   (9th Cir. 1999).

27   The fourth factor is the availability of less drastic sanctions. The Court already cautioned

28   Plaintiffs' failure to respond would result in dismissal of this action. (Dkt. No. 20.) Thus, the

2

1   Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v.*

2   *Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's

3   warning to a party that failure to obey the court's order will result in dismissal can satisfy the

4   'consideration of [less drastic sanctions] requirement.'"). The fourth factor thus weighs in favor of

5   dismissal.

6      The last factor, which favors disposition on the merits, by definition weighs against

7   dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors

8   disposition of cases on the merits. Thus, this factor weighs against dismissal.").

9      In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in

10   its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored

11   dismissal, while two factors weighed against dismissal). The Court therefore DISMISSES this

12   action without prejudice.

13      The Clerk is directed to close the action.

14      **IT IS SO ORDERED.**

15   Dated: September 26, 2023

16

17   _____

18   JACQUELINE SCOTT CORLEY
     United States District Judge

19

20

21

22

23

24

25

26

27

28